```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AGER L. BRASBY                  :
                                :           CIVIL ACTION
        v.                      :
                                :           NO. 04-3954
GEORGE PATRIK, et al.           :
```

## ORDER-MEMORANDUM

**Padova**, J.

     **AND NOW**, this 25th day of August, 2005, upon consideration of Respondents' Motion for Leave to Amend Answer to Petitioner's Petition for habeas Corpus (Doc. No. 10) and all submissions received in response thereto, **IT IS HEREBY ORDERED** that said Motion is **GRANTED**. Upon careful and independent consideration of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) and all attendant and responsive briefing, after review of the Report and Recommendation of United States Magistrate Judge M. Faith Angell, and in consideration of Petitioner's Objections to the Report and Recommendation, **IT IS FURTHER ORDERED THAT**:

    1.   Petitioner's Objections to the Report and Recommendation are **OVERRULED**;

    2.   The Report and Recommendation is **APPROVED** and **ADOPTED** to the extent that it is not inconsistent with this Order-Memorandum;

    3.   The Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED**;

    4.   A certificate of appealability pursuant to 28 U.S.C. §

   2253(c)(2) is **DENIED;** and

 5. The Clerk shall **CLOSE** this case for statistical purposes.

 On July 12, 1999, following a three-day jury trial before Judge William R. Carpenter of the Court of Common Pleas of Montgomery County, Petitioner and his co-defendant were convicted of two counts of armed robbery.  (Resp't's Ex. C at 1.)  On September 21, 1999, Petitioner was sentenced to two consecutive sentences of a mandatory minimum of five years.  (Id. at 1.) Petitioner, through court-appointed appellate counsel, filed a timely appeal to the Pennsylvania Superior Court.  (Resp't's Ex. D at 4.)  In that appeal, Petitioner claimed that the trial court had erred in denying his motion for severance and his motion for a mistrial.  (Id.)  On October 5, 2000, the Superior Court denied Petitioner's claims on the merits and affirmed the judgment of sentence.  (Id. at 4-10.)  Petitioner did not seek discretionary review by the Pennsylvania Supreme Court.

 On September 11, 2001, Petitioner filed a *pro se* petition for state collateral review pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. Ann. § 9541, alleging ineffective assistance of trial and appellate counsel. (Resp't's Ex. E at 4.)  On March 4, 2002, after holding an evidentiary hearing, the PCRA Court denied the petition.  (Id.) Petitioner timely appealed the denial of PCRA relief, raising the same ineffective assistance of counsel claims.  (Resp't's Ex. F at

4-6.)  On November 13, 2002, the Superior Court affirmed the PCRA Court's decision on the ground that Petitioner's claims were meritless.  (Id.)  Petitioner sought discretionary review from the Supreme Court of Pennsylvania, which denied *allocatur* on October 7, 2003.  (Resp'ts Ex. G at 1.)

On August 10, 2004, Petitioner filed the instant Petition for Writ of Habeas Corpus.  On August 9, 2005, United States Magistrate Judge M. Faith Angell issued a Report and Recommendation ("R&R") advising that Respondents should file a motion for leave to amend their answer to include a statute of limitations defense, and that Petitioner's Petition be denied as time barred.  On August 16, 2005, Respondents filed a Motion for Leave to Amend their Answer to include the statute of limitations defense.  On August 19, 2005, the Court entered an Order requiring Petitioner to file a response to Respondents' Motion, addressing both the propriety of granting Respondents leave to amend and any grounds for equitable tolling should such leave be granted.  On August 22, 2005, Petitioner filed Objections to the Report and Recommendation, which addresses both Respondents' Motion for Leave to Amend and asserts entitlement to equitable tolling, which would render the instant Petition timely.  Currently before the Court are Respondents' Motion for Leave to Amend and Petitioner's Objections to the Report and Recommendation.

It is well established that a respondent to a habeas petition can waive the statute of limitations defense because the AEDPA's

statute of limitations is not jurisdictional in nature. Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002). Where a respondent fails to initially raise the statute of limitations in its answer and later moves for leave to amend to include the statute of limitations as an affirmative defense, courts apply the analytical framework of Federal Rule of Civil Procedure 15(a) to determine whether the defense remains available. Long v. Wilson, 393 F.3d 390, 395-98 (3d Cir. 2004); see also United States v. Bendolph, 409 F.3d 155, 160-61 (3d Cir. 2005).

Fed. R. Civ. P. 15(a) requires that "leave [to amend] shall freely be given when justice so requires." Fed. R. Civ. P. 15(a). Rule 15(a)'s liberal pleading standard has long been held to apply to motions to amend answers to complaints. See Heyl & Patterson Int'l Inc. v. F.D. Rich Housing of V.I., Inc., 663 F.2d 419, 425 (3d Cir. 1981). Accordingly, "an amendment should be allowed whenever there has not been undue delay, bad faith on part of the [movant], or prejudice to the [non-movant] as a result of the delay." Long, 393 F.3d at 400 (quoting Adams v. Gould Inc., 739 F.2d 858, 867-68 (3d Cir. 1984)). Here, Petitioner does not oppose Respondents' Motion, and has alleged neither undue delay or bad faith by Respondents, nor that he would be prejudiced should Respondents' Motion be granted. (Obj. to R&R at 2.) The Court, upon independent review, agrees that the record is devoid of any indication that Respondents unduly delayed the instant Motion or

4

acted in bad faith, and finds that granting Respondents' Motion will not prejudice Petitioner. See Long at 401. Accordingly, Respondents' Motion for Leave to Amend is granted.

The AEDPA established a one-year statute of limitations for the filing of federal habeas corpus petitions challenging state court action. See 28 U.S.C. § 2244(d)(1). The one year limitations period begins to run

> from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1).[1] A judgment becomes final at the conclusion of direct judicial review or upon the expiration of the time for filing for such review, including the time for filing a petition for writ of certiorari in the United States Supreme Court. See Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999).

Petitioner was sentenced on September 21, 1999, and his

---

[1] The AEDPA also sets forth the following three additional times at which the statute of limitations begins to run:
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

sentence was affirmed by the Pennsylvania Superior Court on October 5, 2000.  Because Petitioner did not seek discretionary review by the Pennsylvania Supreme Court, the judgment against Petitioner became final 30 days thereafter, at the expiration of his period to seek such review.  See Pa. R. App. P. § 903(a)(a notice of appeal must be filed within thirty days after the entry of the order from which the appeal is taken).  Accordingly the AEDPA's one-year statute of limitations began to run on November 5, 2000.  28 U.S.C. § 2244(d)(1).  Absent tolling, Petitioner's period to seek Habeas Corpus relief, therefore, would have expired on or about November 5, 2001.

The AEDPA's limitations period, however, is statutorily tolled for the time period during which a properly filed petition for state post-conviction review is pending.  28 U.S.C.A. § 2244(d)(2). On September 11, 2001, Petitioner filed a timely petition for state post-conviction relief.  At this point, approximately eleven months (309 days) of Petitioner's AEDPA statutory period had expired.  The remaining AEDPA statutory period was then tolled during the entire time in which Petitioner's PCRA petition was pending, and began running again only on October 7, 2003, when the Pennsylvania Supreme Court declined to exercise discretionary review over Petitioner's PCRA petition.  Consequently, the remainder of Petitioner's AEDPA statutory period (56 days) began to run on October 8, 2003, and expired on or about December 3, 2003.

Petitioner, however, did not file the instant Petition until August 10, 2004, over eight months after the statutory deadline had passed.

Petitioner contends that the instant Petition is nonetheless not time-barred as a result of equitable tolling. It is well-settled that the AEDPA's statute of limitations is not jurisdictional in nature and, therefore, is subject to equitable tolling. Miller v. N.J. Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998). In Miller, the Third Circuit explained that

> equitable tolling is proper only when the principles of equity would make [the] rigid application [of a limitations period] unfair. Generally, this will occur when the petitioner has in some extraordinary way . . . been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is insufficient.

Id. at 618-19 (citations omitted). Equitable tolling, therefore, applies only in the following three circumstances: "(1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (quoting Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999)).

Petitioner argues that he is entitled to equitable tolling because he was in an extraordinary way prevented from asserting his

rights in a timely manner.  Specifically, Petitioner contends that he contacted his state appellate counsel on or about October 16, 2003, and requested that his counsel file a timely petition for writ of habeas corpus on his behalf.  When Petitioner received no response, he wrote three follow-up letters to his state appellate counsel, which again went unanswered.  In mid-October of 2003, Petitioner's brother telephoned Petitioner's state appellate counsel, and was told that counsel would file a timely petition for writ of habeas corpus on behalf of Petitioner "when it is time." (Obj. to R&R, Ex. D.)  In reliance upon his brother's account of the appellate counsel's representations, Petitioner failed to file the instant Petition until August 10, 2004.

"Generally, in a non-capital case . . . attorney error is not a sufficient basis for equitable tolling of the AEDPA's one-year period of limitation." Schlueter v. Varner, 384 F.3d 69, 76 (3d Cir. 2004).  Although in some situations an attorney's affirmative misrepresentation may provide grounds sufficient for equitable tolling, a petitioner must also show that he "exercised reasonable diligence in investigating and bringing [the] claims." Miller, 145 F.3d at 618-19 (internal quotation omitted); see also Schlueter, 384 F.3d at 76.  "Due diligence does not require 'the maximum feasible diligence,' but does require reasonable diligence in the circumstances." Schlueter, 348 F.3d at 74 (quoting Moore v. Knight, 368 F.3d 936, 940 (7th Cir. 2004)).  A habeas petitioner is

"not excused from exercising due diligence merely because he has representation during various stages of, or even throughout, his state and federal proceedings." Lacava v. Kyler, 398 F.3d 271, 278 (3d Cir. 2005).

Here, Petitioner was aware of the AEDPA's statute of limitations. Petitioner also knew that his state appellate counsel's performance could be less than satisfactory, as Petitioner raised claims of ineffective assistance of his appellate counsel in the state collateral review proceedings. Nonetheless, Petitioner relied on his brother's representations that his appellate counsel would file a timely petition for writ of habeas corpus without independently confirming whether counsel would, and did, file such petition. Had Petitioner exercised reasonable diligence, he could have discovered that his state appellate counsel had not filed a petition for writ of habeas corpus prior to the expiration of the ADEPA's statute of limitations on October 8, 2003. Certainly, Petitioner would have discovered that no timely petition for writ of habeas corpus had been filed on his behalf at some point prior to August 10, 2004. The Court, therefore, finds that Petitioner did not exercise reasonable diligence. As Petitioner did not exercise reasonable diligence, equitable tolling is not available in this case to avoid the application of the statue of limitations.

For the foregoing reasons, the Court concludes that the

instant Petition is time-barred.  Moreover, as Petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court further concludes that there is no basis for the issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.